UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 19, 2015

LETTER TO COUNSEL

      RE:    *Jay Vending Company v. Timothy Ryan Dearing, et al.*
              Civil Case No. WDQ-14-3610

Dear Counsel:

This case has been referred to me by Judge Quarles for discovery. *See* [ECF No. 28]. I have reviewed Defendants' Motion to Compel Discovery, [ECF No. 27-1], Plaintiff's Opposition thereto, [ECF No. 29-1], Defendants' Reply to Plaintiff's Opposition, [ECF No. 34], and Plaintiff's Surreply, [ECF No. 38]. I have also reviewed Plaintiff's and Defendants' Joint Status Reports regarding the ongoing discovery disputes in this matter. *See* [ECF Nos. 35, 36]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons stated herein, Defendants' motion will be GRANTED in part, and DENIED in part.

## I. Background

Defendants Timothy Dearing, Joel Mittelstaedt, and DM Concessions, Inc. ("Defendants") served Plaintiff Jay Vending Company, Inc. ("Plaintiff") with a Motion to Compel more specific and corrected discovery responses on August 17, 2015. *See* [ECF No. 27-1]. On September 13, Plaintiff filed its Opposition thereto. *See* [ECF No. 29-1]. In its Opposition, Plaintiff stated that "[c]ounsel for the respective parties have maintained a respectful and positive working relationship over the course of many years," with the instant case being "no exception." Pl's. Opp. 6. Plaintiff also noted that it "believe[d] that the parties' discovery differences [could and would] be resolved without the necessity for judicial intervention." *Id.*

Given Plaintiff's and Defendants' willingness to settle their discovery disputes without court intervention, on September 22, 2015, I wrote to counsel for both parties and directed them to file a Status Report on or before October 8, 2015, detailing whether the Court's adjudication of their disputes would still be necessary. *See* [ECF No. 33]. On October 8, the parties submitted their Joint Status Report, which revealed that they had resolved all but one of the many discovery disputes initially listed in Defendants' Motion to Compel. *See* [ECF No. 35]. The remaining dispute concerns Defendants' Document Request No. 25, which seeks Plaintiff's balance sheets, profit and loss statements, and federal tax returns for the years between 2010 and 2014, inclusive. Joint Status Report 2. After they reviewed Plaintiff's supplemental discovery responses, Defendants certified to the Court in a Supplement to the Joint Status Report that while Plaintiff has provided its profit and loss sheets for the accounts at issue, as well as W-2 forms for

the employees who worked on the relevant accounts, the parties have been unable to resolve their dispute regarding the production of Plaintiffs' state and federal tax returns and balance sheets. Defs.' Suppl. 1. Defendants confirmed, however, that "all other deficiencies identified in Defendants' Motion to Compel are now moot." *Id.* In turn, Plaintiff filed a Surreply requesting that the Court deny Defendants' Motion to Compel the remaining disputed discovery.

## II. Discovery Disputes

### A. Plaintiff's Tax Returns

Defendants' Document Request No. 25 seeks Plaintiff's "balance sheets, profit and loss statements, and state and federal tax returns for the years 2010, 2011, 2012, 2013, and 2014." Defs.' Mot. to Compel 12. Plaintiff has provided Defendants with the requested profit and loss statements and employee W-2s, but refuses to produce its balance sheets and tax returns. Joint Status Report 2.

All document requests must seek information within the permissible scope of discovery. Fed. R. Civ. P. 34(a). Federal Rule of Civil Procedure 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under this Rule, the Court may order discovery of relevant documents, including those not admissible at trial, if the documents are "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Discovery may be limited by the Court if, taking into account the needs of the case, the amount in controversy, and the importance of the discovery in resolving the issues at stake in the litigation, the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 355 (D. Md. 2012) ("Fed. R. Civ. P. 26(b)(2)(C) cautions that all permissible discovery must be measured against the yardstick of proportionality.") (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010)).

As to the tax returns sought in Defendants' Document Request No. 25, Plaintiff objects to their production on the basis that they exceed the permissible scope of discovery. Specifically, in its Opposition to Defendants' Motion to Compel, Plaintiff asserts that because Defendants' request is so broad as to encompass all of Plaintiff's financial records, rather than particularized information within those records, the documents sought are "irrelevant" and their production is "unlikely to lead to the discovery of admissible evidence." Pl.'s Opp. 5.

The Fourth Circuit has not expressly ruled on the discoverability of tax returns. As a general rule and matter of policy, however, courts are to exercise "great caution" in ordering their disclosure. *Buford v. Ammar's Inc.*, No. 1:14-CV-00012, 2014 WL 7530833, at *1 (W.D. Va. Nov. 24, 2014) (citations and internal quotation marks omitted). *See Hastings v. OneWest Bank, FSB*, No. CIV-GLR-10-3375, 2013 WL 1502008, at *2 (D. Md. Apr. 11, 2013); *Eastern Auto Distrib., Inc. v. Peugeot Motors of Am., Inc.*, 96 F.R.D. 147, 148 (E.D. Va. 1982) ("[A] 'qualified' privilege emerges from the case law that disfavors the disclosure of income tax returns as a matter of general federal policy."). Thus, courts have adopted a higher standard of admissibility for tax returns than for other documents, in the form of a two-prong test. *See Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02-CV-00146, 2004 WL 444570, at

*2 (M.D.N.C. Feb. 24, 2004). Under this test, tax returns are discoverable if: "(1) they are relevant to a matter in dispute; and (2) they are needed because the information is not available from other sources." *Id.* The party requesting disclosure of the returns must demonstrate that the returns are relevant. *Id.* If the requesting party can meet its burden, the party opposing their production must then "identify an alternate source of the information." *Hastings*, 2013 WL 1502008, at *2.

In the instant case, the bar to production of the returns lies in the second prong. Defendants have undoubtedly demonstrated the tax returns' relevance. The instant action concerns claims for breach of contract, breach of loyalty, tortious interference with contract, and tortious interference with prospective advantage. In its Amended Complaint, Plaintiff contends that, as a result of each claim, Plaintiff has suffered "substantial monetary losses," including lost sales and lost profits for the years from 2010 through 2014, inclusive. Pl's. Compl. ¶¶ 66, 69, 76, 86, 102. Defendants properly assert that Plaintiff's tax returns would "reflect JVC's profits" for the years in question. Defs.' Mot. to Compel 12. *See, e.g.*, *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 217 (W.D. Va. 1997) (finding that, in a case alleging breach of contract and lost wages, the plaintiff's tax returns were relevant); *Dash v. Mayweather*, 731 F.3d 303, 310, 314 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 1761 (2014) (affirming the district court's reliance on Plaintiff's tax returns in examining the salience of Plaintiff's claim for lost profits). Thus, the onus shifts to Plaintiff to identify an alternative source of the information Defendants seek.

Plaintiff has met its burden here. Plaintiff has provided Defendants with profit and loss statements for the accounts relevant to Plaintiff's claims from 2009 through 2014, which reflect Plaintiff's total income, total expenses, net ordinary income, and net income for each account. *See* Pl's. Surreply 2. In addition, Plaintiff has provided its payroll summaries for relevant employees from 2009 to 2014, as well as W-2, wage, and tax statements for its employees for the same time period. *Id.* These documents are sufficient alternative sources of Plaintiff's financial information. *See Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 n.1 (D.N.J. 1981) (finding tax returns not discoverable where Defendant was compelled to provide its corporate minute book, stock book, year-end financial statements, and payment records).

Defendants claim that Plaintiff's tax returns are unique to prove Plaintiff's lost profits because, having been sworn to the federal government and the Commonwealth of Virginia and "prepared by an independent, third-party CPA," the returns are "the most reliable and detailed indicator" of Plaintiff's financial standing. Defs.' Reply 4. While the tax returns are indeed the only sworn *documents*, Plaintiff's Answers to Defendants' Interrogatory No. 3 were also sworn under oath and penalty of perjury. Plaintiff's Answers to Interrogatory No. 3 provides damages itemizations for all relevant accounts and years for which Plaintiff alleges lost profits as a result of Defendants' actions, including average sales, account profits and losses, and estimated income and goodwill losses. Pl's. Surreply 3-4. These sworn statements inform Defendants of the basis for Plaintiff's theory of damages, and, having been affirmed under penalty of perjury, are adequately verified to allay Defendants' concern that none of Plaintiff's already-provided profit and loss statements were prepared under oath. *See Eastern Auto Distribs. Inc.*, 96 F.R.D. at 149 n.1 (holding that Defendant did not need to produce tax reports where Defendant provided the annual, semi-annual, and quarterly reports which Defendant had filed under oath with a French

regulatory and oversight agency, as well as Defendant's published annual reports); *id.* at 149 (permitting Defendant to provide several different sources of the information sought in Defendant's tax returns in place of disclosing the returns).

### B. Plaintiff's Balance Sheets

Unlike tax returns, which enjoy a qualified protection, Plaintiff's balance sheets have no such presumption of immunity from discoverability. *See Malbco Holdings, LLC v. Patel*, No. 6:14-CV-00947-PK, 2015 WL 4773202, at *3 (D. Or. Aug. 12, 2015) ("The parties do not dispute that [Plaintiff's] requests for balance sheets . . . from the relevant time period are discoverable and relevant."); *Segal v. Strausser Enterprises, Inc.*, No. CIV-A-07-4467, 2013 WL 4034368, at *3 (E.D. Pa. Aug. 8, 2013) (holding that undisclosed portions of Plaintiffs' tax returns were not discoverable where the information sought could be provided to defendants through Plaintiffs' balance sheets). Moreover, Plaintiff has already provided Defendants with its profit and loss statements, which contain similarly detailed and sensitive financial information.

Because Plaintiff's balance sheets are relevant to Plaintiff's alleged damages of lost profits, and are unprotected by any qualified privilege, Plaintiff is directed to provide Defendants with its balance sheets for the years of 2010, 2011, 2012, 2013, and 2014 **within fourteen days from the date of this Order**.

### III. Conclusion

For the reasons discussed above, Defendants' motion is GRANTED in part, and DENIED in part. Plaintiff is hereby ORDERED to provide Defendants with the information discussed herein, within the deadlines set forth herein. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), no fees or expenses will be awarded to either party because relief is being denied in part and granted in part.

Despite the informal nature of this letter, it is an Order of the Court and will be flagged as an Opinion.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge